IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| Arrow Midstream Holdings, LLC (and/or its subsidiaries), | ) ) ) | Case No. 3:12-cv-00003 |
| Plaintiff, | ) ) | |
| vs. | ) ) | **ANSWER OF THREE WAY, INC., TO PLAINTIFF'S COMPLAINT** |
| Three Way, Inc.; UINTAH Engineering, Inc.; Parnell Consultants, Inc.; and RBI, LLP; | ) ) ) ) | |
| Defendants. | ) | |

Defendant Three Way, Inc., (hereinafter "Three Way") for its answer to the plaintiff's Complaint, alleges as follows:

1. That it denies each and every allegation of the Complaint, except as hereinafter admitted or otherwise explained.

2. That it objects to the designation of the plaintiff in the Complaint in regard to its references to "and/or its subsidiaries."

3. That it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

4. That it admits paragraph 2 of the Complaint.

5. That it lacks knowledge or information sufficient to form a belief as to paragraphs 3, 4, and 5 of the Complaint.

6. That it admits paragraph 6 of the Complaint.

7. That it denies paragraph 7 of the Complaint. The plaintiff has failed to properly allege the existence of subject matter jurisdiction by failing to identify the members of Arrow Midstream Holdings, LLC, (hereinafter "Arrow") and their citizenship for diversity purposes.

8. That it admits paragraph 8 of the Complaint.

9. In regard to paragraph 9 of the Complaint, it admits that Three Way was a contractor of Arrow in regard to the installation of the pipeline.

10. It admits paragraph 10 of the Complaint, on information and belief; however, it is unaware of the dates alleged in that paragraph.

11. In regard to paragraph 11 of the Complaint, Three Way alleges that it disputes the dates alleged in the paragraph, but admits that it installed Arrow's pipeline from Arrow's LACT unit for the well to Arrow's pipeline.

12. That it admits paragraph 12 of the Complaint, on information and belief.

13. That in regard to paragraph 13 of the Complaint, it disputes the dates contained in the paragraph, but admits that certain pipeline construction activities took place, including excavation of soil to construct the pipeline. The remainder of the allegations contained in paragraph 13 are denied.

14. That in regard to paragraph 14 of the Complaint, it admits upon information and belief that Kodiak has requested payment by Arrow for certain expenses and that Arrow has requested that Three Way and others pay those expenses. Three Way admits that it has declined to pay the expenses, because it is not legally responsible to do so.

15. That paragraph 15 is a reallegation paragraph which requires no further response.

16. That it admits paragraph 16 of the Complaint contains language from the Master Service Contract between Arrow and Three Way, but specifically denies that the Master Service Contract obligates Three Way to defend or indemnify Arrow from the claim asserted by Kodiak against Arrow.

17. That it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint

18. That it denies paragraph 18 of the Complaint.

19. That it denies that Three Way is in breach of the Master Service Contract as alleged in paragraph 19 of the Complaint.

20. That paragraphs 20 - 33 of the Complaint pertain to allegations against other defendants which require no response from Three Way.

21. That paragraph 10.3 of the Master Service Contract between Arrow and Three Way requires that the Master Service Contract be governed, construed, and interpreted in accordance with the laws of Oklahoma. That the terms of the Master Service Contract between Arrow and Three Way does not require Three Way to defend and indemnify Arrow from any claims being made by Kodiak against Arrow. However, even if the Master Service Contract required Three Way to defend and indemnify Arrow, Oklahoma law provides that any such indemnity agreement is void and unenforceable.

22. That during the course of the construction project, Three Way, at all times, followed the owner's or the owner's agent's plans and specifications and instructions in regard to the construction of the project. As such, Three Way cannot be held liable, pursuant to N.D.C.C. 9-08-02.1.

23. That the work performed by Three Way was inspected, approved, and accepted by the owner or the owner's agents.

24. That the Complaint fails to state a claim upon which relief can be granted against Three Way.

25. That Arrow's claims against Three Way are barred by the doctrines of waiver and estoppel.

26. That an intervening and superceding cause existed.

WHEREFORE, defendant Three Way, Inc., requests that Arrow's Complaint be dismissed with prejudice and that it be awarded its costs and disbursements herein, and for such further relief as the Court deems appropriate.

Dated this 14th day of March, 2012.

>STORSLEE LAW FIRM, P.C.
>Attorneys for defendant Three Way, Inc.,
>1900 Burnt Boat Drive, Suite 101
>Bismarck, ND   58503
>Ph:   701.222.1315
>
>
>BY:    /s/ Steven A. Storslee
>          Steven A. Storslee, ND ID# 03346

**CERTIFICATE OF SERVICE**

I hereby certify that on March 14, 2012, the foregoing document was filed electronically with the Clerk of Court through ECF and that ECF will send a Notice of Electronic Filing (NEF) to the following:

Stephen W. Plambeck  - Attorney for plaintiff
    splambeck@nilleslaw.com

Joseph A. Wetch, Jr.  -  Attorney for UNITAH Engineering, Inc.
   jwetch@serklandlaw.com

W. Todd Haggart  – Attorney for Parnell Consultants, Inc.
   thaggart@vogellaw.com

Paul R. Sanderson - Attorney for RBI, LLP
   psanderson@zkslaw.com


Dated this 14th day of March, 2012.


                                      /s/ Steven A. Storslee
                                      STEVEN A. STORSLEE